Pleading and practice; summary judgment; need for further material facts. — On June 20, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This contract claim is before the court on defendant’s motion for summary judgment. After a careful consideration of the record before us, without oral argument, we deny defendant’s motion. It is our opinion that the facts as presented are insufficient to make the determination requested by defendant. Issues of material fact remain unresolved.
Plaintiff, Jamsar, Inc. (Jamsar), is a corporation with its principal place of business in the District of Columbia. On or about March 2, 1973, the General Services Administration (GSA) awarded contract GS-03B-18002 to plaintiff. Under the terms of the contract, the Government was to supply certain materials to plaintiff. Jamsar was to take possession of these materials at designated storage areas, and transport them to the jobsite. At the jobsite plaintiff was to erect and/or remove certain partitions and single door units in specified Government buildings.
Plaintiff alleges that the GSA failed to comply with the terms of the contract and required Jamsar to perform changed work. Plaintiff fully performed the changed work *696 ordered by GSA, and sought reimbursement from the defendant for this work. On or about December 16, 1974, Jamsar submitted claims to the contracting officer totaling some $56,662. By letter dated July 3, 1975, the contracting officer advised Jamsar that its claim for equitable adjustment of the contract price was denied. Plaintiff timely appealed the decision.
On August 13, 1976, the General Services Board of Contract Appeals (GSBCA) dismissed plaintiffs appeal on the basis that the board lacked subject matter jurisdiction over Jamsar’s claim. Having exhausted its administrative remedies, plaintiff has filed suit in this court alleging that the action of the GSBCA was arbitrary, capricious, and unreasonable. Further, plaintiff contends that the dismissal of its claim before the GSBCA was, as a matter of law, erroneous.
Defendant contends that plaintiff has failed to state a claim upon which relief can be granted. According to the Government, plaintiff and defendant entered into a requirements contract. Since Jamsar was given all the work that was the subject of the contract, the Government contends that it has fulfilled all of its obligations under the agreement. Defendant contends that all materials that the Government was obliged to furnish were provided, and that these materials were furnished to plaintiff at storage areas within reasonable distances from the jobsite. Defendant asserts that plaintiff did not object to the location of the Government-furnished materials, nor did plaintiff complain about the changed work or the extensions to the contract. It is the Government’s position that plaintiff, by performing the contract and by accepting the contract price without "significant” objection or protest, "waived” any claim that it may have had. Since plaintiff did not seek to modify the terms of the contract, it cannot now seek relief in this court.
Plaintiff, however, strongly disagrees with many of the material facts that defendant contends are undisputed. Plaintiff vehemently disputes defendant’s assertion that it had failed to make any objection about the contract work during the life of the contract. Plaintiff contends that it did not waive any right or claim that it may have had. Plaintiff asserts that on numerous occasions complaints were made *697 to Kenneth Rollins, the carpenter foreman. Plaintiff also asserts that it complained to John Hartman of the GSA. Plaintiffs president wrote four letters of complaint to the defendant, most or all of which were never answered.
Plaintiff also alleges that the Government failed to supply Jamsar with all the required materials. Specifically, Jamsar contends that the Government failed to supply it with the necessary filler panels, thus causing plaintiff financial harm by requiring it to cut its own. Plaintiff also contends that no 8-month extension to the contract was agreed upon absent price modifications from the original contract.
Did the Government fail to provide plaintiff with all the materials that the Government was obliged to furnish? Did plaintiff complain to Kenneth Rollins and John Hartman about changed work? Did plaintiff accept an 8-month extension of the contract without reservation? These are some material questions of fact that are not resolved by the record before us.
it is therefore ordered, on consideration of the parties’ submissions, that defendant’s motion for summary judgment is denied, and the case is remanded to the trial division for further proceedings.